## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONELL RICHARD, as Special )
Administrator of the Estate of )
EDGAR RICHARD, DECEASED, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　)
v. ) Case No. 09-1278-WEB
　　　　　　　　　　　　　　　　　　　)
SEDGWICK COUNTY SHERIFF )
ROBERT HINSHAW, et al., )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )
　　　　　　　　　　　　　　　　　　　)

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

　　　1. Defendants' Motion for a More Definite Statement, for Repleading, to Strike, or, alternatively, for an extension of time to answer (Doc. 7);

　　　2. Plaintiff's Motion to Amend the Complaint (Doc. 26);

　　　3. Defendants' Motion to Stay or Consolidate Cases (Doc. 28); and

　　　4. Defendants' Motion to Strike the Amended Complaint (Doc. 30).

The court's rulings are set forth below.

### Background

Highly summarized, this is an action to recover damages for personal injuries Edgar Richard suffered while a prisoner in the Sedgwick County Jail. Plaintiff alleges he was

severely injured when wrongfully beaten by Manuel Diaz, a Sedgwick County jail employee.[1]

Plaintiff filed a 34 page complaint in state court and defendants removed the matter to federal court based on 28 U.S.C.§ 1331 (federal question jurisdiction). Defendants then moved for a more definite statement, repleading, and to strike. (Doc. 7). Plaintiff opposed the motion but also proposed filing an amended complaint. Before a ruling was issued on defendants' motion, plaintiff moved to amend the complaint to add Manual J. Diaz as a defendant. (Doc. 26). Because the motion to amend materially impacts the other motions the court will address it first.

**Motion to Amend**

On Thursday afternoon, February 11, 2010, plaintiff moved to amend his complaint to add Manual J. Diaz as a defendant. (Doc. 26). Plaintiff requested a ruling by noon on Friday, February 12, 2010 because the statute of limitations as to defendant Diaz would run on Monday, February 15, 2010. The court declined to rule on the motion without an opportunity for defendants Hinshaw and Steed to respond. To avoid the statute of limitations problem, plaintiff filed a new lawsuit on February 12, 2010 which includes Manual Diaz as a defendant.

---

[1] Edgar Richard died February 1, 2010 and Ronell Richard, his son, was named special administrator of Edgar's estate. Ronell Richard, in his capacity as special administrator, was substituted as the named plaintiff.

Defendants Hinshaw and Steed have now responded to the motion to amend. (Doc. 27). Their single objection to the proposed amended complaint is that a second lawsuit has been filed; therefore, the amendment is unnecessary and moot. Although the proposed amendment and the second lawsuit both name Manual Diaz as a new defendant, the motion to amend is not moot. In addition to adding Diaz, the proposed amended complaint contains other modifications. For example, the proposed amended complaint deletes some of the language from the original complaint that defendants found objectionable. Additionally, the original complaint contained 308 numbered paragraphs while the amended complaint contains only 202 numbered allegations. Under the circumstances, the court is not persuaded that the amendment is "a moot point." Because no other objections have been asserted and the amendment is timely, plaintiff's motion to amend shall be GRANTED.

### Motion for More Definite Statement, for Repleading, or to Strike

Plaintiff's amended complaint contains material modifications; therefore, defendants' earlier motion for a more definite statement, for repleading, or to strike (Doc. 7) is MOOT. Defendants' alternative motion for an extension of time shall be GRANTED IN PART and defendants Hinshaw and Steed shall have 20 days to respond to the amended complaint.

### Motion to Stay or Consolidate

Defendants move to stay this case or consolidate it into the most recently filed case. The court agrees that defendants should not be required to defend two cases that, on the

surface, at least, appear to be identical. However, the general practice is to consolidate the more recently filed case into the first filed case and the court sees no reason to deviate from the general practice. Accordingly, the request to stay this case shall be DENIED. The court will confer with Judge Brown and Judge Belot to effectuate the consolidation of the two cases.[2]

## Motion to Strike

Defendants move to strike plaintiff's amended complaint arguing that leave of the court was necessary for plaintiff to file his first amended complaint. (Doc. 30). This argument is MOOT and therefore DENIED because the court has granted plaintiff leave to amend his complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to amend his complaint **(Doc. 26)** is **GRANTED.** Plaintiff shall file and serve his amended complaint by **March 10, 2010.**

**IT IS FURTHER ORDERED** that defendants' motion for a more definite statement, for repleading, or to strike **(Doc. 7)** is **DENIED.** Defendants' alternative request for an extension of time to respond is **GRANTED IN PART**. Defendants Hinshaw and Steed shall file their response to the amended complaint by **March 22, 2010.** No extensions shall be

---

[2] Judge Brown and Judge Belot will ultimately determine the judicial assignment for the consolidated cases.

-4-

granted. Defendant Diaz shall respond to the amended complaint within the normal time allowed for responding after he is served with a summons and the complaint.

**IT IS FURTHER ORDERED** that defendants' motion to stay this case **(Doc. 28)** is **DENIED.** However, Case No. 10-1042 will be consolidated with this case after consultation with Judge Belot and Judge Brown. Defendants' motion to strike the amended complaint **(30)** is **MOOT** and therefore **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of February, 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge