**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RONELL RICHARD, as Special Administrator of the Estate of EDGAR RICHARD, DECEASED,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. 09-1278-WEB |
| **SEDGWICK COUNTY BOARD OF COMMISSIONERS, et al.,** | ) ) ) ) | **(consolidated with 10-1042-WEB)** |
| **Defendants.** | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendants' motion for leave "to file Rule 12(B)(6) motions out of time or to amend the scheduling order to extend the deadline for filing such motions." (Doc. 96). Plaintiff opposes the motion. For the reasons set forth below, the motion shall be DENIED.

The scheduling order established an October 1, 2010 deadline for "any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted." (Doc. 52, p. 7). In support of their motion, defendants argue that "due to scheduling conflicts, disagreements over the language of the protective order, and the [consolidation] of this action with Civil Action No. 10-1042-WEB-

KMH, the scheduling of this action has not been completed." (Doc. 96, p. 2).[1] However, defendants offer no explanation why (1) scheduling conflicts, (2) disagreements concerning certain clauses in a proposed protective order, and (3) the consolidation of a virtually identical lawsuit prevented defendants from timely filing a motion to dismiss for failure to state a claim. Similarly, defendants argue that "written discovery has been undertaken by the parties, but no depositions have been taken." Again, defendants offer no explanation why depositions have any relevance to a Rule 12(b)(6) motion to dismiss for failure to sufficiently plead a cause of action.

Defendants also argue that plaintiff's complaint contains 268 paragraphs and that Rule 12(b)(6) motions "should help streamline plaintiff's claims against specific defendants." However, aside from this conclusory statement, defendants offer no specifics explaining how an untimely motion to dismiss will materially advance the interests of justice or otherwise expedite the resolution of this case. Equally important, plaintiff's amended complaint was filed March 10, 2010 and the October 1, 2010 deadline for filing a motion to dismiss provided defendants with ample opportunity to "streamline" the case. Under these circumstances, defendants have not shown excusable neglect for belatedly filing a motion to dismiss or good cause for amending the scheduling order.

**IT IS THEREFORE ORDERED** that defendants' motion **(Doc. 96)** is **DENIED.**

---

[1] Plaintiff's counsel experienced unexpected health issues during this case and defense counsel graciously extended professional courtesies and accommodations to counsel. However, these accommodations generally related to discovery and proposed protective orders and had no obvious connection to any motion to dismiss.

-2-

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of March 2011.

                                        S/ Karen M. Humphreys
                                        _____
                                        KAREN M. HUMPHREYS
                                        United States Magistrate Judge