IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RONELL RICHARD, as Special Administrator of the Estate of EDGAR RICHARD, JR., DECEASED, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-1278-MLB |
| SEDGWICK COUNTY BOARD OF COMMISSIONERS, et al., | ) ) ) ) | (consolidated with 10-1042-MLB) |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for a determination concerning the sufficiency of responses and objections by the "ConMed defendants" to plaintiff's requests for admission.[1] (Doc. 380.) For the reasons set forth below, the motion shall be GRANTED in part and DENIED in part.

### Background

This is a civil rights case in which plaintiff claims defendants used excessive force and provided substandard medical care to an inmate in the Sedgwick County Detention Facility. Plaintiff alleges that on February 15, 2008, Edgar Richard, Jr., who had a

---

[1] The "ConMed defendants," as referred to by both plaintiff and defendants, include ConMed, Inc., ConMed Healthcare Management Inc., and Mike S. Hall.

history of serious mental illness, was severely beaten by Deputy Manuel Diaz, a Sedgwick County jail employee. Plaintiff seeks to recover damages for personal injuries which Richard suffered as a result of that beating.[2] Because the parties are familiar with the nature of this case and the details giving rise to the plaintiff's pending motion(s), the court's discussion is limited to the issues pertinent to the rulings which follow.

### Richard's Motion for Determination Concerning the Sufficiency of ConMed's Responses and Objections to Richard's December 21, 2012 Requests for Admission (Doc. 380)

Richard served ConMed with Requests for Admission on December 21, 2012. ConMed timely responded on January 18, 2013. Richard objected to a number of ConMed's responses by letter to counsel dated January 30, 2013, to which ConMed responded by letter on February 1, 2013. On February 7, counsel for the parties participated in a conference to discuss the objections. Following that conference, ConMed provided amended responses. Richard requests a finding that ConMed's responses violate Fed.R.Civ.P. 36 and are therefore admitted, or that the court order ConMed to prepare amended responses. ConMed opposes the motion, arguing that its responses are appropriate or that Richard's requests should be stricken due to lack of relevance and inappropriateness.

### Standards

This discovery dispute is governed by Fed.R.Civ.P. 36 which sets forth the

---

[2] Edgar Richard, Jr. died February 1, 2010 and his son, Ronell Richard, was named special administrator of Edgar's estate. In his capacity as special administrator, Richard was substituted as the named plaintiff.

standards for requests for admissions. The rule provides that parties "may serve on any other party a written request to admit . . . the truth of any matter within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Requests for admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those than can be."[3] Admissions are "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[4]

Rule 36 further instructs parties on the proper procedure for answering requests for admission. The responding party may answer under Rule 36(a)(4), object under Rule 36(a)(5), or both. An answer must admit the truth, "specifically deny" or, if a party cannot admit or deny, the party must "state in detail why [it] cannot truthfully admit or deny" the request.[5] Any denial must "fairly respond to the substance of the matter and, when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest."[6] When making an objection, the party must state the specific grounds for objecting.[7] If the party objects, it

---

[3] *Bowers v. Mortgage Electronic Registration Systems*, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012) (*quoting* Fed.R.Civ.P. 36 advisory committee's note (1970 Am.)).
[4] *Id.*
[5] Fed.R.Civ.P. 36(a)(4).
[6] *Id.*
[7] *Id.*

bears the burden of persuasion to justify its objection.[8]

Under Rule 36(a)(6), the party requesting admissions may ask that the court decide the sufficiency of any answers. The determination of sufficiency ultimately rests within the court's discretion.[9] When presented with a question of sufficiency, the court follows the process set forth by Rule 36(a)(6). First, the court must determine the validity of any objections. If the court determines that an objection is justified, no answer is required. If the objection is found to be improper or invalid, an answer must be provided.[10] When evaluating the sufficiency of an answer, the court considers the phrasing of the request itself.[11] If the court finds an answer to be insufficient, the matter is either deemed admitted or the court may order that an amended answer be served.[12]

With these standards in mind, the court next analyzes the requests and objections in question.

## Requests for Admission at Issue

Richard seeks an order regarding the sufficiency of ConMed's responses to Requests for Admission Nos. 1-11 and 16-17.[13] ConMed answered a portion of the requests and objected to others. For ease of discussion, the court analyzes the answers in

---

[8] *Bowers*, 2012 WL 2798801, at *2 (*citing Moses v. Halstead*, 236 F.R.D. 667, 680 (D. Kan. 2006)).
[9] *Harris v. Oil Reclaiming Co., LTD.*, 190 F.R.D. 674, 679 (D. Kan. 1999).
[10] *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, 1995 WL 625744, at *4 (D. Kan. Oct. 5, 1995); *Bowers*, 2012 WL 2798801, at *2.
[11] *Solis v. La Familia Corp.*, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012); *Deya v. Hiawatha Hosp. Ass'n, Inc.*, 2011 WL 1559422, *2 (D. Kan. April 25, 2011).
[12] Fed.R.Civ.P. 36(a)(6).
[13] Richard initially requested relief regarding Requests Nos. 12-15; however, in his reply, Richard clarifies that he has no objection to ConMed's responses to those requests. (Doc. 397 at 1, n.1.)

4

the same segments identified in the parties' briefing.

**Requests for Admission Nos. 1 and 4**

ConMed answered Requests Nos. 1 and 4. These Requests ask whether Edgar Richard, Jr. had a "clearly established constitutional right" to mental health care (Req. No. 1) and to "not be subject to deliberate indifference to his clearly established right to mental health care." (Req. No. 4.) In its initial response to Request No. 1, ConMed answered "denied as phrased," and discussed the legal standards applicable to a violation of the Eighth Amendment by jail officials. ConMed stated that the "constitutional right" as qualified by its explanation "is clearly established and applied to Edgar Richard, Jr." (Doc. 380, Ex. D at 4.). In its initial response to Request No. 4, ConMed marks "deny" and adds "See Response to Request for Admission No. 1." In its supplemental response to Request No. 1, ConMed answers "Denied. The ConMed defendants *admit* Mr. Richard possessed the clearly established Eighth Amendment right described in the initial response" (emphasis added). In its supplemental response to Request No. 4, ConMed replied "Denied," and repeated the explanation provided in its initial response to Request No. 1.

Richard argues that ConMed's responses are non-responsive and are instead a lecture on how jail officials may violate the Eighth Amendment. ConMed contends that it has properly qualified their responses as permitted by Rule 36, and that the requests require generic legal conclusions.

ConMed did not lodge its objection regarding "generic legal conclusions" until it

5

responded to Richard's motion. (Doc. 386 at 2.) Because ConMed failed to raise this objection in either its initial or supplemental discovery responses, this objection is untimely and therefore waived.[14]

The "election to admit or deny" belongs exclusively to the responding party.[15] Rule 36 does not require admissions.[16] A denial is a sufficient answer[17] as long as a party has complied with the requirements to "fairly respond to the substance of the matter" and, if admitting or denying in part, that the party qualify the answer in good faith.[18] As long as ConMed sufficiently qualifies its partial admission, it is not required to further explain its answer.[19]

Richard reasons that the underlying substantive law dictates that ConMed must simply admit both Requests.[20] The court disagrees. When reviewing the sufficiency of discovery responses, the Court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[21] If a party denies a truth which is later proven, Rule 37 provides the recourse for an unreasonable denial.[22]

---

[14] *Pulsecard, Inc. v. Discover Card Svcs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996); *Ash Grove Cement v. Employers Ins. of Wausau*, 2007 WL 2333350, at *4 (D. Kan. Aug. 16, 2007).
[15] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[16] *Id.*
[17] *Harris*, 190 F.R.D. at 678.
[18] Fed.R.Civ.P. 36(a)(4).
[19] *Ash Grove Cement*, 2007 WL 2333350, at *2 (citing *Scherer v. GE Capital Corp.*, 2000 WL 303145 (D. Kan. March 21, 2000)).
[20] Richard cites *Blackmon v. Bd. of County Comm'rs*, 2012 WL 2512722 (June 29, 2012) to demonstrate the State's constitutional obligation to provide mental health care and an inmate's constitutional right to receive that care. (Pl.'s Mot., Doc. 380 at 4-5.)
[21] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[22] *Id.* at *2-*3; Fed.R.Civ.P. 37(c)(2).

Although ConMed answers "Denied" in its supplemental responses, it specifically admits that "Richard possessed the clearly established Eighth Amendment right described" in its explanation. The court finds that ConMed qualified its answers to Requests Nos. 1 and 4 in order to fairly meet the substance of the requests.[23] Richard's motion as to Requests 1 and 4 is granted only to the extent that ConMed's answers are deemed qualified admissions rather than denials; in all other respects, the answers are sufficient and the motion is denied as to Requests Nos. 1 and 4.

**Requests for Admission Nos. 2 and 3**

In Requests Nos. 2 and 3, Richard asks whether "Edgar Richard Jr. had, at all times during 2007 and 2008 while he was a prisoner in the Sedgwick County Detention Center, a serious mental illness" (Req. No. 2) or a "serious mental disability" (Req. No. 3). To both requests, ConMed initially answered "denied as phrased," asserting that the phrases "serious mental illness" and "serious mental disability" were not defined, and the meanings were vague and could be subject to more than one reasonable interpretation. ConMed asserts in both responses that the requests are therefore "objectionable because the response could be argued to convey unwarranted and unfair inferences as stated." (Doc. 380, Ex. D at 3-4.) After the parties' conference, ConMed supplemented its responses to read "Admitted in part and denied in part." To Request No. 2, ConMed admits that Richard was "diagnosed with schizoaffective disorder during his incarceration

---

[23] *See Harris*, 190 F.R.D. at 677 (citing Fed.R.Civ.P. 36(a)(4)).

in 2007 and 2008."[24] To Request No. 3, ConMed admits that Richard was "diagnosed as being mentally retarded prior to his 2007 to 2008 incarceration." The remainder of the requests were denied.

Richard contends that ConMed failed to exercise reason and common sense, and that Requests Nos. 2 and 3 are not vague or ambiguous. Richard cites the report of an expert witness to support his claim that Edgar Richard, Jr. clearly suffered from a "serious" mental illness and mental disability.

As previously noted, Rule 36 does not require admissions.[25] The decision to admit or deny belongs to ConMed.[26] As long as ConMed sufficiently qualifies its partial admission, it is not required to further explain its answer.[27] This court will not substantively define "serious" mental illness or disability at this stage of litigation.[28] In this specific context, ConMed qualified its answers to Requests Nos. 2 and 3 in good faith to fairly meet the substance of the requests.[29] Those answers are sufficient. Accordingly, the court denies the motion regarding Requests Nos. 2 and 3.

**Requests for Admission Nos. 5-11**

Richard's Requests Nos. 5 through 11 involve Richard's claims against other defendants, not ConMed. Request No. 5 asks whether "Edgar Richard Jr. had a clearly

---

[24] ConMed also adds "Believing schizoaffective disorder and paranoid schizophrenia were one in the same, the ConMed defendants erroneously admitted that Mr. Richard was diagnosed with paranoid schizophrenia in their Answer to the Complaint." Because this sentence only clarifies ConMed's previous admission, this sentence is not at issue.
[25] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[26] *Id*.
[27] *Id*. (*citing Scherer v. GE Capital Corp*., 2000 WL 303145 (D. Kan. March 21, 2000)).
[28] *Id*.
[29] *See Harris*, 190 F.R.D. at 677 (citing Fed.R.Civ.P. 36(a)(4)).

established constitutional right to not be subject to excessive force from a law enforcement officer." Requests Nos. 6 through 9 ask whether specific Sedgwick County officers were acting under color of state law, and Requests Nos. 10 and 11 ask whether defendants Drs. Murphy and McNeil were acting under color of state law. To all Requests Nos. 5 through 11, ConMed answered: "Objection. This request is not relevant or material to any of the issues between the plaintiff and these defendants. It is not necessary or appropriate for these defendants to respond to the request."

ConMed maintains that none of the named requests are relevant "to the claims and defenses between ConMed" and Richard. Despite the clear relationship between the requests and the separate defendants, ConMed misstates the relevancy standard applicable here. Federal Rule of Civil Procedure 26(b)(1) outlines the general scope of discovery. The rule specifically allows for discovery regarding any "nonprivileged matter that is relevant to any party's claim or defense."[30] To review an objection for relevancy, the court must "first determine whether the discovery is relevant to the claims or defenses" of any party, and "if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."[31] Relevancy is not confined to the relationship between Richard and ConMed; it encompasses the claims or defenses of any party. Therefore, ConMed's objection specific to relevancy is overruled.

However, ConMed also objects to Requests Nos. 5-11 on the basis that the requests are not "necessary or appropriate" as directed to ConMed. It asserts that the

---

[30] Fed.R.Civ.P. 26(b)(1).
[31] *Solis v. LaFamilia Corp*, 2012 WL 190658, *6 (D.Kan. May 25, 2012)(citing Fed.R.Civ.P. 26(b)(1)).

requests are duplicative, given that Richard has served identical requests on all other defendants to this action. Regarding the specific claims against ConMed, it has admitted that the ConMed defendants were acting under color of state law with respect to the care and treatment of Edgar Richard, Jr. As to Richard's Request No. 5 regarding the excessive force claim, defendant Diaz has separately responded to Request No. 5. The Sedgwick County defendants[32] have responded to Requests Nos. 5 through 9. Concerning Richard's claims against defendant Doctors Murphy and McNeil, those defendants have responded to Requests Nos. 10 and 11, respectively.

Given the separate defendants' answers to Requests 5 through 11, ConMed's answers to each would not further the purposes of admissions by either facilitating proof with respect to issues that cannot be eliminated from the case or by narrowing the issues.[33] Therefore, the requests are improper.[34] If ConMed admitted the requests while the subject party denied the same, the issues would still require proof at trial. If ConMed either admitted or denied the requests along with the co-defendants, ConMed's answers would be superfluous. If ConMed denied the requests and the co-defendants admitted the same, ConMed's responses would be unnecessary.

Under Federal Rule 26(b)(2)(C), the court "must limit allowed discovery if it

---

[32] The Sedgwick County defendants include the Board of County Commissioners of Sedgwick County, County of Sedgwick, Sedgwick County Sheriff's Department, Sedgwick County Sheriff Robert Hinshaw, Sedgwick County Sheriff Gary Steed, and Sedgwick County Detention Deputy Saquisha Nelson.

[33] *Bowers v. Mortgage Electronic Registration Systems*, 2012 WL 2798801, *2 (D. Kan. July 9, 2012) (*quoting* Fed.R.Civ.P. 36 advisory committee's note (1970 Am.)).

[34] *See Rutherford v. Reliance Standard Life Ins. Co.*, 2011 WL 4376557, at *5 (D. Kan. Sept. 20, 2011) (denying motion to compel admissions, as the requests "provide no assistance in narrowing the discovery issues or issues concerning the merits of the case.").

determines that the discovery sought is unreasonably duplicative. Because these requests have been asked and answered by the defendants to whom each request is aimed, Requests Nos. 5 through 11 are duplicative under Rule 26(b)(2)(C). ConMed's objections are sustained, and no answers are required to Requests Nos. 5 through 11.

**Requests for Admission Nos. 16-17**

In Requests Nos. 16 and 17, Richard asks whether "During the times in 2007 and 2008 that Edgar Richard Jr. was a prisoner in the Sedgwick County Detention Center the employees of Defendant Conmed, Inc. were acting under color of state law" (Req. No. 16) and whether the "employees of Defendant Conmed Healthcare Management Inc. were acting under color of state law." (Req. No. 17.) ConMed objected to both requests as follows: the "request[s] [are] overbroad and vague. There is no reference to specific employees of ConMed, Inc. or any specific conduct of such employees." In its supplemental responses, ConMed clarifies its objection with the following explanation:

> Section 1983 must be based upon personal involvement in the alleged constitutional violation. *Foote v. Spiegel*, 118 F.3d 1415, 1423 (10th Cir. 1997). Furthermore, liability cannot be imposed vicariously via the doctrine of respondeat superior. *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006). Since plaintiff has failed to identify the subject employees and the conduct at issue, the ConMed defendants cannot admit to the subject request.

(Doc. 380 at Ex. D, p. 11-12.)

Because Richard failed to identify the employees and conduct at issue, Requests Nos. 16 and 17 are vague and ambiguous. However, in his motion and reply, Richard narrows the requests to include "any employee ConMed hired to provide medical and

mental health services in the [Sedgwick County] Jail during 2007-2008." Requests Nos. 16 and 17 have now been properly narrowed to identify the subject employees and the conduct at issue. ConMed is ordered to amend its Responses to Requests Nos. 16 and 17 accordingly.

**IT IS THEREFORE ORDERED** that Richard's motion for determination concerning the sufficiency of ConMed's responses and objections to the requests for admission **(Doc. 380)** is **GRANTED in part and DENIED in part** as set forth above. ConMed shall serve amended Responses to Requests Nos. 16 and 17 no later than July 24, 2013. The following chart is provided to summarize the rulings above.

| Requests for Admission | Ruling |
|---|---|
| Requests Nos. 1 and 4 | ConMed's answers are deemed qualified admissions rather than denials; in all other respects, the motion is denied. |
| Requests Nos. 2 and 3 | The motion is denied. |
| Requests Nos. 5 through 11 | ConMed's objection is sustained, and no answers are required. The motion is denied. |
| Requests Nos. 16 and 17 | ConMed is ordered to amend its responses to Requests Nos. 16 and 17 no later than July 24, 2013. The motion is granted. |

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of July, 2013.

                                            S/ Karen M. Humphreys
                                            KAREN M. HUMPHREYS
                                            United States Magistrate Judge