# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RONELL RICHARD, as Special Administrator of the Estate of EDGAR RICHARD, JR., DECEASED,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) Case No. 09-1278-MLB ) |
| **SEDGWICK COUNTY BOARD OF COMMISSIONERS, et al.,** | ) (consolidated with 10-1042-MLB) ) ) |
| **Defendants.** | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for a determination concerning the sufficiency of responses and objections by the Sedgwick County defendants[1] to plaintiff's December 21, 2012 requests for admission. (Doc. 381.) For the reasons set forth below, the motion shall be GRANTED in part and DENIED in part.

### Background

This is a civil rights case in which plaintiff claims defendants used excessive force and provided substandard medical care to an inmate in the Sedgwick County Detention

---

[1] The "Sedgwick County defendants," as referred to by both plaintiff and defendants, include the Board of County Commissioners of Sedgwick County, County of Sedgwick, Sedgwick County Sheriff's Department, Sedgwick County Sheriff Robert Hinshaw, Sedgwick County Sheriff Gary Steed, and Sedgwick County Detention Deputy Saquisha Nelson.

Facility. Plaintiff alleges that on February 15, 2008, Edgar Richard, Jr., who had a history of serious mental illness, was severely beaten by Deputy Manuel Diaz, a Sedgwick County jail employee. Plaintiff seeks to recover damages for personal injuries which Richard suffered as a result of that beating.[2] Because the parties are familiar with the nature of this case and the details giving rise to the plaintiff's pending motion(s), the court's discussion is limited to the issues pertinent to the rulings which follow.

**Richard's Motion for Determination Concerning the Sufficiency of Sedgwick County's Responses and Objections to Richard's December 21, 2012 Requests for Admission (Doc. 381)**

Richard served Sedgwick County with Requests for Admission on December 21, 2012. Sedgwick County timely responded on January 18, 2013. Richard objected to a number of Sedgwick County's responses by letter to counsel dated January 30, 2013. On February 4, counsel for Richard and Sedgwick County conferred at length and, on February 7, counsel for all parties participated in a conference to discuss discovery issues. Following that conference, Sedgwick County provided amended responses. Richard requests a finding that Sedgwick County's responses violate Fed.R.Civ.P. 36, and are therefore admitted, or that the court order Sedgwick County to prepare amended responses. Sedgwick County opposes the motion, arguing that it has properly responded to Requests Nos. 1, 4 and 5 and objected to Richard's Requests Nos. 10 through 17 on the basis that the requests inappropriately seek legal admissions regarding other defendants.

---

[2] Edgar Richard, Jr. died February 1, 2010 and his son, Ronell Richard, was named special administrator of Edgar's estate. In his capacity as special administrator, Richard was substituted as the named plaintiff.

**Standards**

This discovery dispute is governed by Fed.R.Civ.P. 36 which sets forth the standards for requests for admissions. The rule provides that parties "may serve on any other party a written request to admit . . . the truth of any matter within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Requests for admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those than can be."[3] Admissions are "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[4]

Rule 36 further instructs parties on the proper procedure for answering requests for admission. The responding party may answer under Rule 36(a)(4), object under Rule 36(a)(5), or both. An answer must admit the truth, "specifically deny," or if a party cannot admit or deny, the party must "state in detail why [it] cannot truthfully admit or deny" the request.[5] Any denial must "fairly respond to the substance of the matter and, when good faith requires that a party qualify an answer or deny only part of a matter, the

---

[3] *Bowers v. Mortgage Electronic Registration Systems*, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012) (quoting Fed.R.Civ.P. 36 advisory committee's note (1970 Am.)).
[4] *Id.*
[5] Fed.R.Civ.P. 36(a)(4).

answer must specify the part admitted and qualify or deny the rest."[6] When making an objection, the party must state the specific grounds for objecting.[7] If the party objects, it bears the burden of persuasion to justify its objection.[8]

Under Rule 36(a)(6), the party requesting admissions may ask that the court decide the sufficiency of any answers. The determination of sufficiency ultimately rests within the court's discretion.[9] When presented with a question of sufficiency, the court follows the process set forth by Rule 36(a)(6). First, the court must determine the validity of any objections. If the court determines that an objection is justified, no answer is required. If the objection is found to be improper or invalid, an answer must be provided.[10] When evaluating the sufficiency of an answer, the court considers the phrasing of the request itself.[11] If the court finds an answer to be insufficient, the matter is either deemed admitted or the court may order that an amended answer be served.[12]

With these standards in mind, the court next analyzes the requests and objections in question.

## Requests for Admission at Issue

Richard seeks an order regarding the sufficiency of Sedgwick County's responses

---

[6] *Id.*
[7] *Id.*
[8] *Bowers*, 2012 WL 2798801, at *2 (citing *Moses v. Halstead*, 236 F.R.D. 667, 680 (D. Kan. 2006)).
[9] *Harris v. Oil Reclaiming Co., LTD.*, 190 F.R.D. 674, 679 (D. Kan. 1999).
[10] *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, 1995 WL 625744, at *4 (D. Kan. Oct. 5, 1995); *Bowers*, 2012 WL 2798801, at *2.
[11] *Solis v. La Familia Corp.*, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012); *Deya v. Hiawatha Hosp. Ass'n, Inc.*, 2011 WL 1559422, *2 (D. Kan. April 25, 2011).
[12] Fed.R.Civ.P. 36(a)(6).

to Requests for Admission Nos. 1, 4-5 and 10-17. Sedgwick County provided answers to a portion of the requests and objected to others. For ease of discussion, the court analyzes the answers in the same segments used by the parties.

**Requests for Admission Nos. 1, 4 and 5**

Sedgwick County answered Requests Nos. 1, 4 and 5. These Requests ask whether Edgar Richard, Jr. had a "clearly established constitutional right" to mental health care (Req. No. 1) and to "not be subject to deliberate indifference to his clearly established right to mental health care" (Req. No. 4) and "to not be subject to excessive force from a law enforcement officer." (Req. No. 5.) In its initial responses to Requests Nos. 1 and 5, Sedgwick County answered "denied as phrased," and provided a discussion of the legal standards applicable to an alleged violation of the Eighth Amendment by jail officials. Sedgwick County stated that the "constitutional right" as qualified by its explanation "is clearly established and applied to Edgar Richard, Jr." In its initial response to Request No. 4, Sedgwick County answered "See Response to Request for Admission No. 1."

In its supplemental responses to Requests Nos. 1 and 5, Sedgwick County answered "Denied. The Sedgwick County defendants can and do *admit* that Edgar Richard, Jr. possessed the Eighth Amendment constitutional right described in the initial response to Request for Admission No. 1 [and 5] and can and do *admit* that right was clearly established." (emphasis added). In its supplemental response to Request No. 4, Sedgwick County repeated the verbatim response to Request No. 1.

5

Richard argues that Sedgwick County's responses are non-responsive and are instead a lecture on how jail officials may violate the Eighth Amendment. Sedgwick County contends that it has properly qualified its responses as permitted by Rule 36.

The "election to admit or deny" belongs exclusively to the responding party.[13] Rule 36 does not require admissions.[14] A denial is a sufficient answer[15] as long as a party has complied with the requirements to "fairly respond to the substance of the matter" and, if admitting or denying in part, that the party qualify the answer in good faith.[16] As long as Sedgwick County sufficiently qualifies its partial admission, it is not required to further explain its answer.[17]

Richard asserts that the underlying substantive law dictates that Sedgwick County must simply admit both requests.[18] The court disagrees. When reviewing the sufficiency of discovery responses, the Court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[19] If a party denies a truth which is later proven, Rule 37 provides the recourse for an unreasonable denial.[20]

Although Sedgwick County answers "Denied" in its supplemental responses, it

---

[13] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[14] *Id.*
[15] *Harris*, 190 F.R.D. at 678.
[16] Fed.R.Civ.P. 36(a)(4).
[17] *Ash Grove Cement*, 2007 WL 2333350, at *2 (citing *Scherer v. GE Capital Corp.*, 2000 WL 303145 (D. Kan. March 21, 2000)).
[18] Richard cites *Blackmon v. Bd. of County Comm'rs*, 2012 WL 2512722 (D. Kan. June 29, 2012) to demonstrate the State's constitutional obligation to provide mental health care and an inmate's constitutional right to receive that care. (Pl.'s Mot., Doc. 381 at 5.)
[19] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[20] *Id.* at *2-*3; Fed.R.Civ.P. 37(c)(2).

specifically admits in its initial responses that "Richard possessed the Eighth Amendment constitutional right described" and admits that right was clearly established. The court finds that Sedgwick County qualified its answers to Requests Nos. 1, 4 and 5 in order to fairly meet the substance of the requests.[21] Richard's motion as to Requests 1, 4 and 5 is granted only to the extent that Sedgwick County's answers are deemed qualified admissions rather than denials; in all other respects, the answers are sufficient and the motion is denied as to Requests Nos. 1, 4 and 5.

**Requests for Admission Nos. 10-17**

Richard's Requests Nos. 10 through 17 involve Richard's claims against other defendants, not Sedgwick County. Specifically, the requests seek admissions regarding whether specific defendants were acting under color of state law at the time of 2007 and 2008 when Edgar Richard Jr. was a prisoner in the Sedgwick County jail. To all Requests Nos. 10 through 17, Sedgwick County answered: "Objection. This request is not relevant or material to any of the issues between plaintiffs and these defendants. It is not necessary or appropriate for these defendants to respond to the request."

Sedgwick County maintains that none of the named requests are relevant to the claims and defenses between it and Richard. Despite the clear relationship between the requests and the separate defendants, Sedgwick County misstates the relevancy standard applicable here. Federal Rule of Civil Procedure 26(b)(1) outlines the general scope of discovery. The rule specifically allows for discovery regarding any "nonprivileged

---

[21] *See Harris*, 190 F.R.D. at 677 (citing Fed.R.Civ.P. 36(a)(4)).

matter that is relevant to any party's claim or defense."[22] To review an objection for relevancy, the court must "first determine whether the discovery is relevant to the claims or defenses" of any party, and "if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."[23] Relevancy is not confined to the relationship between Richard and Sedgwick County; it encompasses the claims or defenses of any party. Therefore, Sedgwick County's objection specific to relevancy is overruled.

However, Sedgwick County also objects to Requests Nos. 10-17 on the basis that the requests are not "necessary or appropriate" as directed to Sedgwick County. It asserts that the requests merely duplicate the requests directed to other parties, that answers will not narrow the issues, and that Sedgwick County's opinion on pure matters of law regarding the other defendants is neither admissible nor controlling.

Regarding the specific claims against it, Sedgwick County has either answered those requests without issue, or has addressed those requests in its briefing. Concerning Richard's claims against defendant Doctors Murphy and McNeil, those defendants have responded to Requests Nos. 10 and 11, respectively. (*See* Resp., Doc. 386, Exs. 1-4.)[24] Requests Nos. 12 through 17 address whether the ConMed defendants and employees were acting under color of state law; the ConMed defendants' answers have either been

---

[22] Fed.R.Civ.P. 26(b)(1).
[23] *Solis v. LaFamilia Corp*, 2012 WL 190658, *6 (D.Kan. May 25, 2012) (citing Fed.R.Civ.P. 26(b)(1)).
[24] The Sedgwick County defendants adopt the arguments made by the co-defendants in their separate responses to plaintiff's discovery motions. (Def. Sedgwick County's Resp., Doc. 385, at 4; *see* Def. ConMed's Resp., Doc. 386; Def. Murphy's Resp., Doc. 387; Def. McNeil's Resp., Doc. 390.)

provided or were addressed by separate pleading. (*See* Pl.'s Mot., Doc. 380 at Ex. D.)

Richard relies on case law for his assertion that requests which seek one party to admit facts regarding another party are not objectionable.[25] However, the cited authority is distinguishable from this motion. Unlike the cited cases, Requests Nos. 10-17 seek the opinion of Sedgwick County regarding application of law to the facts of the case applicable to the other defendants.

Given the co-defendants' answers to Requests 10 through 17, Sedgwick County's answers to each would not further the purposes of admissions. They would neither facilitate proof with respect to issues that cannot be eliminated from the case nor narrow the issues.[26] Therefore, the requests are improper.[27] If Sedgwick County admitted the requests while the co-defendant denied the same, the issues would still require proof at trial. If Sedgwick County joined in the co-defendants' admissions or denials, Sedgwick County's answers would be superfluous. If Sedgwick County denied the requests and the co-defendants admitted the same, Sedgwick County's responses would be unnecessary.

Under Rule 26(b)(2)(C), the court "must limit" allowed discovery if it determines that the discovery sought is unreasonably duplicative. Because these requests have been asked and answered by the defendants to whom each request is directed, Requests Nos.

---

[25] Richard cites *Layne Christensen Co. v. Purolite Co.*, 2011 WL 381611, *8 (D. Kan. Jan. 25, 2011) (allowing requests which seek information about another party's independent knowledge of the facts), and *Harris v. Koenig*, 271 F.R.D. 356 (D. D.C., Sept. 16, 2010) (allowing requests which asked whether other defendants inquired of the specific defendant). (*See* Doc. 381 at 7-8).
[26] *Bowers v. Mortgage Electronic Registration Systems*, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012) (quoting Fed.R.Civ.P. advisory committee's note (1970 Am.)).
[27] *See Rutherford v. Reliance Standard Life Ins. Co.*, 2011 WL 4376557, at *5 (D. Kan. Sept. 20, 2011) (denying motion to compel admissions, as the requests "provide no assistance in narrowing the discovery issues or issues concerning the merits of the case.").

10 through 17 are duplicative. Sedgwick County's objection is sustained, and no answers are therefore required to Requests Nos. 10 through 17.

**IT IS THEREFORE ORDERED** that Richard's motion for determination concerning the sufficiency of Sedgwick County's responses and objections to the requests for admission **(Doc. 381)** is **GRANTED in part and DENIED in part** as set forth above. The following chart is provided to summarize the rulings above.

| Requests for Admission | Ruling |
| --- | --- |
| Requests Nos. 1, 4 and 5 | Sedgwick County's answers are deemed qualified admissions rather than denials; in all other respects, the motion is denied. |
| Requests Nos. 10 through 17 | Sedgwick County's objections are sustained, and no answers are required. The motion is denied. |

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of July, 2013.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge