IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONELL RICHARD, as Special )
Administrator of the Estate of )
EDGAR RICHARD, JR., DECEASED, )
)
Plaintiff, )
)
v. ) Case No. 09-1278-MLB
)
SEDGWICK COUNTY BOARD ) (consolidated with 10-1042-MLB)
OF COMMISSIONERS, et al., )
)
Defendants. )
)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for a determination concerning the sufficiency of responses and objections by defendant Bryon McNeil, M.D. to plaintiff's requests for admission. (Doc. 382.) For the reasons set forth below, the motion shall be GRANTED in part and DENIED in part.

### Background

This is a civil rights case in which plaintiff claims defendants used excessive force and provided substandard medical care to an inmate in the Sedgwick County Detention Facility. Plaintiff alleges that on February 15, 2008, Edgar Richard, Jr., who had a history of serious mental illness, was severely beaten by Deputy Manuel Diaz, a

Sedgwick County jail employee. Plaintiff seeks to recover damages for personal injuries which Richard suffered as a result of that beating.[1] Because the parties are familiar with the nature of this case and the details giving rise to the plaintiff's pending motion(s), the court's discussion is limited to the issues pertinent to the rulings which follow.

**Richard's Motion for Determination Concerning the Sufficiency of McNeil's Responses and Objections to Richard's December 21, 2012 Requests for Admission (Doc. 382)**

Richard served McNeil with Requests for Admission on December 21, 2012. McNeil timely responded on January 21, 2013. Richard objected to a number of McNeil's responses by letter to counsel dated January 30, 2013. On February 7, counsel for all parties participated in a conference to discuss discovery issues. Following that conference, McNeil provided amended responses. Richard requests a finding that McNeil's responses violate Fed.R.Civ.P. 36, and are therefore admitted, or that the court order McNeil to prepare amended responses. McNeil opposes the motion, arguing that he has properly responded to Requests Nos. 1, 2, 3, and 4. He also objected to Requests Nos. 5-10, 12-14, and 16-17 on the basis that the requests inappropriately seek conclusions of law regarding claims against other defendants.

**Standards**

This discovery dispute is governed by Fed.R.Civ.P. 36 which sets forth the standards for requests for admissions. The rule provides that parties "may serve on any

---

[1] Edgar Richard, Jr. died February 1, 2010 and his son, Ronell Richard, was named special administrator of Edgar's estate. In his capacity as special administrator, Richard was substituted as the named plaintiff.

other party a written request to admit . . . the truth of any matter within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Requests for admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those than can be."[2] Admissions are "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[3]

Rule 36 further instructs parties on the proper procedure for answering requests for admission. The responding party may answer under Rule 36(a)(4), object under Rule 36(a)(5), or both. An answer must admit the truth, "specifically deny," or if a party cannot admit or deny, the party must "state in detail why [it] cannot truthfully admit or deny" the request.[4] Any denial must "fairly respond to the substance of the matter and, when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest."[5] When making an objection, the party must state the specific grounds for objecting.[6] If the party objects, it

---

[2] *Bowers v. Mortgage Electronic Registration Systems*, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012) (quoting Fed.R.Civ.P. 36 advisory committee's note (1970 Am.)).
[3] *Id.*
[4] Fed.R.Civ.P. 36(a)(4).
[5] *Id.*
[6] *Id.*

bears the burden of persuasion to justify its objection.[7]

Under Rule 36(a)(6), the party requesting admissions may ask that the court decide the sufficiency of any answers. The determination of sufficiency ultimately rests within the court's discretion.[8] When presented with a question of sufficiency, the court follows the process set forth by Rule 36(a)(6). First, the court must determine the validity of any objections. If the court determines that an objection is justified, no answer is required. If the objection is found to be improper or invalid, an answer must be provided.[9] When evaluating the sufficiency of an answer, the court considers the phrasing of the request itself.[10] If the court finds an answer to be insufficient, the matter is either deemed admitted or the court may order that an amended answer be served.[11]

With these standards in mind, the court next analyzes the requests and objections in question.

**Requests for Admission at Issue**

Richard seeks an order regarding the sufficiency of McNeil's responses to Requests for Admission Nos. 1-10, 12-14, and 16-17. McNeil answered a portion of the requests and objected to others. For ease of discussion, the court analyzes the answers in the same segments identified in the parties' briefing.

---

[7] *Bowers*, 2012 WL 2798801, at *2 (citing *Moses v. Halstead*, 236 F.R.D. 667, 680 (D. Kan. 2006)).
[8] *Harris v. Oil Reclaiming Co., LTD.*, 190 F.R.D. 674, 679 (D. Kan. 1999).
[9] *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, 1995 WL 625744, at *4 (D. Kan. Oct. 5, 1995); *Bowers*, 2012 WL 2798801, at *2.
[10] *Solis v. La Familia Corp.*, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012); *Deya v. Hiawatha Hosp. Ass'n, Inc.*, 2011 WL 1559422, *2 (D. Kan. April 25, 2011).
[11] Fed.R.Civ.P. 36(a)(6).

**Request for Admission No. 1**

Request No. 1 asked whether Edgar Richard, Jr. had a "clearly established constitutional right to mental health care." In his initial response to Request No. 1, McNeil answered "denied as phrased," and provided a discussion of the legal standards applicable to an alleged violation of the Eighth Amendment by jail officials. McNeil stated further that "this constitutional right" as qualified by his explanation "is clearly established and applied to Edgar Richard, Jr." (Doc. 382, Ex. C at 2.). In his supplemental response to Request No. 1, McNeil amended his answer to read: "Denied. Dr. McNeil *admits* that Richard possessed the Eighth Amendment constitutional right described in the initial response. That right was clearly established." (emphasis added). (Doc. 382, Ex. C at 2.)

Richard argues that McNeil's answer is non-responsive and is instead a lecture on how jail officials may violate the Eighth Amendment. McNeil contends that he has properly qualified his response as permitted by Rule 36.

The "election to admit or deny" belongs exclusively to the responding party.[12] Rule 36 does not require admissions.[13] A denial is a sufficient answer[14] as long as a party has complied with the requirements to "fairly respond to the substance of the matter" and, if admitting or denying in part, that the party qualify the answer in good faith.[15] As long

---

[12] *Ash Grove Cement v. Employers Ins. of Wausau*, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007).
[13] *Id*.
[14] *Harris*, 190 F.R.D. at 678.
[15] Fed.R.Civ.P. 36(a)(4).

as McNeil sufficiently qualifies his partial admission, he is not required to further explain his answer.[16]

Richard reasons that the underlying substantive law dictates that McNeil must simply admit the request.[17] The court disagrees. When reviewing the sufficiency of discovery responses, the Court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[18] If a party denies a truth which is later proven, Rule 37 provides the recourse for an unreasonable denial.[19]

Although McNeil answers "denied" in his supplemental response, he specifically admits that "Richard possessed the Eighth Amendment constitutional right described" in his earlier response and "that right was clearly established." The court finds that McNeil qualified his answer to Request No. 1 in order to fairly meet the substance of the request.[20] Richard's motion as to Request No. 1 is granted only to the extent that McNeil's answer is deemed a qualified admission rather than a denial; in all other respects, the answer is sufficient and the motion is denied as to Request No. 1.

---

[16] *Ash Grove Cement*, 2007 WL 2333350, at *2 (citing *Scherer v. GE Capital Corp.*, 2000 WL 303145 (D. Kan. March 21, 2000)).
[17] Richard cites *Blackmon v. Bd. of County Comm'rs*, 2012 WL 2512722 (D. Kan. June 29, 2012) to demonstrate the State's constitutional obligation to provide mental health care and an inmate's constitutional right to receive that care. (Pl.'s Mot., Doc. 382 at 4.)
[18] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[19] *Id*. at *2-*3; Fed.R.Civ.P. 37(c)(2).
[20] *See Harris*, 190 F.R.D. at 677 (citing Fed.R.Civ.P. 36(a)(4)).

**Requests for Admission Nos. 2 and 3**

In Requests Nos. 2 and 3, Richard asks whether "Edgar Richard Jr. had, at all times during 2007 and 2008 while he was a prisoner in the Sedgwick County Detention Center, a serious mental illness" (Req. No. 2) or a "serious mental disability" (Req. No. 3). To both requests, McNeil initially answered "denied as phrased," asserting that the phrases "serious mental illness" and "serious mental disability" were not defined, and the meanings were vague and could be subject to more than one reasonable interpretation. (Doc. 382, Ex. C at 2-3.) McNeil asserted that the requests were "objectionable because the response could be argued to convey unwarranted and unfair inferences as stated." (*Id.*) After the parties' conference, McNeil supplemented his response to Request No. 2 to read:

> It is admitted that Richard had a mental illness at all times during 2007 and 2007 while he was incarcerated in the jail. He had been diagnosed with schizophrenia and/or schizophrenia disorder prior to and including 2007 and 2008. The term "serious" is too broad for this defendant to admit. Whether a mental illness is "serious" depends on context, time, and even individual judgment. Further, Richard's history of substance abuse and developmental delays may exclude him from the definition of serious mental illness. Richard's mental illness was controlled at times. Therefore, the balance of the request is denied.

(Doc. 382, Ex. C at 3.)

To Request No. 3, McNeil supplemented his response to read:

It is admitted that Richard had a mental disability at all times during 2007 and 2008 while he was incarcerated in the jail. He had been diagnosed with schizophrenia and/or schizophrenia disorder prior to and including 2007 and 2008. The term "serious" is too broad for this defendant to admit. Whether a mental disability is "serious" depends on context, time, and even individual judgment. Therefore, the balance of the request is denied.

(Doc. 382, Ex. C at 3.)

Richard contends that McNeil's responses defy reason and common sense, and that Requests Nos. 2 and 3 are neither vague nor ambiguous. Richard cites the report of an expert witness to support his claim that Edgar Richard, Jr. clearly suffered from a "serious" mental illness and mental disability, and argues that as a physician, McNeil should understand the meaning of the word "serious." (Pl.'s Mot., Doc. 382 at 6.) McNeil responds that the term "serious mental illness" or "serious mental disability" are subject to varied definitions and thus lack the precision necessary for a blanket admission to either request. (Def.'s Resp., Doc. 390 at 5.)

As previously noted, Rule 36 does not require admissions.[21] The decision to admit or deny belongs to McNeil.[22] As long as McNeil sufficiently qualifies his partial admission, he is not required to further explain his answer.[23] McNeil is not required to determine all potential interpretations of "serious" mental illness or disability and respond to each.[24] The court will not substantively define "serious" mental illness or disability at this stage of litigation.[25] McNeil has qualified his answers to Requests Nos. 2 and 3 in good faith to fairly meet the substance of the requests.[26] Those answers are sufficient. Accordingly, the court denies the motion regarding Requests Nos. 2 and 3.

---

[21] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[22] *Id*.
[23] *Id.* (citing *Scherer v. GE Capital Corp.*, 2000 WL 303145 (D. Kan. March 21, 2000)).
[24] *Harris v. Oil Reclaiming Co.*, 190 F.R.D. 674, 678 (D. Kan. 1999).
[25] *Id*.
[26] *See Harris*, 190 F.R.D. at 677 (citing Fed.R.Civ.P. 36(a)(4)).

**Request for Admission No. 4**

Request No. 4 asked whether Edgar Richard, Jr. had a "clearly established constitutional right to not be subject to deliberate indifference to his clearly established right to mental health care." In his initial response to Request No. 4, McNeil answered "denied as phrased. See response to Request for Admission No. 1," where he had provided a discussion of the legal standards applicable to an alleged violation of the Eighth Amendment by jail officials. In his supplemental response, McNeil answered "denied. Dr. McNeil *admits* that Richard possessed the Eighth Amendment constitutional right described in the initial response to Request for Admission No. 1. That right was clearly established." (emphasis added).

Richard argues that McNeil's answer is non-responsive and is instead a lecture on how jail officials may violate the Eighth Amendment. McNeil contends that he has properly qualified his response as permitted by Rule 36, and that because Request No. 4 assumes an admission to Request No. 1, the same denial and qualification are appropriate.

As discussed above with respect to Request No. 1, an "election to admit or deny" belongs exclusively to the responding party.[27] Rule 36 does not require admissions.[28] A denial is a sufficient answer[29] as long as a party has complied with the requirements to "fairly respond to the substance of the matter" and if admitting or denying in part, that the

---

[27] *Ash Grove Cement*, 2007 WL 2333350, at *2).
[28] *Id.*
[29] *Harris*, 190 F.R.D. at 678.

9

party qualify the answer in good faith.[30] As long as McNeil sufficiently qualifies his partial admission, he is not required to further explain his answer.[31]

Richard again urges that the underlying substantive law dictates that McNeil must simply admit the request.[32] The court disagrees. When reviewing the sufficiency of discovery responses, the Court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[33] If a party denies a truth which is later proven, Rule 37 provides the recourse for an unreasonable denial.[34] McNeil's qualification of his answer is sufficient given that Request No. 4 is dependent upon the answer to Request No. 1.[35]

Although McNeil answers "denied" in his supplemental response, he specifically admits that "Richard possessed the Eighth Amendment constitutional right described" in his earlier response and "[t]hat right was clearly established." The court finds that McNeil qualified his answer to Request No. 4 in order to fairly meet the substance of the request.[36] Richard's motion as to Request No. 4 is granted only to the extent that McNeil's answer is deemed a qualified admission rather than a denial; in all other respects, the answer is sufficient and the motion is denied as to Request No. 4.

---

[30] Fed.R.Civ.P. 36(a)(4).
[31] *Ash Grove Cement*, 2007 WL 2333350, at *2 (citing *Scherer v. GE Capital Corp.*, 2000 WL 303145 (D. Kan. March 21, 2000)).
[32] Richard cites *Blackmon v. Bd. of County Comm'rs*, 2012 WL 2512722 (D. Kan. June 29, 2012) to demonstrate the State's constitutional obligation to provide mental health care and an inmate's constitutional right to receive that care. (Pl.'s Mot., Doc. 382 at 7.)
[33] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[34] *Id*. at *2-*3; Fed.R.Civ.P. 37(c)(2).
[35] *Harris*, 190 F.R.D. at 678 (finding "[W]here a request contains interdependent, compound issues, a party may deny the entire statement if it is premised upon a fact which is denied.")
[36] *Id.* at 677 (citing Fed.R.Civ.P. 36(a)(4)).

**Requests for Admission Nos. 5-10, 12-14, and 16-17**

Richard's Requests Nos. 5-10, 12-14 and 16-17 generally ask that McNeil admit or deny legal conclusions as to other separate defendants. Request No. 5 asks, in a similar fashion as Requests Nos. 1 and 4, whether Richard had a constitutional right "to not be subject to excessive force from a law enforcement officer." McNeil initially answered:

> Objection. This Request for Admission pertains to law enforcement officers at the Sedgwick County Detention Center and this answering defendant is not a law enforcement officer. Defendant McNeil is not in a position to admit or deny what constitutional rights Edgar Richard, Jr. had or did not have while in the custody of Sedgwick County Detention Center Law Enforcement Officers.

(Doc. 382, Ex. C at 4.) In his supplemental response to Request No. 5, McNeil states:

> Dr. McNeil stands by this objection. It does not make sense to direct this admission to Dr. McNeil, who is not a law enforcement officer, and when there is no allegation he used excessive force. . . . nor does it advance the litigation to direct this request to Dr. McNeil when his response would be immaterial to the litigation.

(Doc. 382, Ex. C at 4-5.)

Richard's Requests Nos. 6-10, 12-14 and 16-17 ask whether other separate defendants were either law enforcement officers and/or whether the defendant(s) were acting under color of state law during the times that Edgar Richard, Jr., was a prisoner at Sedgwick County Detention Center. (Doc. 382, Ex. C at 5-13.) McNeil initially objected to Request No. 6, answering "This Request for Admission is not relevant or material to any of the issues between plaintiff and this defendant. It is not necessary or appropriate for this defendant to respond to the request." To Requests Nos. 7-10, 12-14 and 16-17,

McNeil responded "See Response to No. 6." After the parties' discovery conference, McNeil supplemented each response:

> Dr. McNeil stands by this objection. It does not make sense to direct this admission to Dr. McNeil, who is not . . . the subject of the request. . . . Nor does it advance the litigation to direct this request to Dr. McNeil when his response would be immaterial to the litigation."

(Doc. 382, Ex.C at 5-13.) In the responses, McNeil relied on Rule 26(b)(2)(C)(i) for the proposition that the court should limit discovery when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

To the extent that McNeil objects to Request No. 5 because the request does not "pertain" to McNeil, the court construes that objection as one based on relevancy. McNeil's objections to Requests Nos. 6, as incorporated also into the responses to Requests Nos. 7-10, 12-14, and 16-17, specify that the requests are "not relevant or material to any of the issues between the plaintiff" and McNeil. (See Resp. to Req. No. 6, Doc. 382, Ex. C at 5.) Despite the clear relationship between the requests and the separate defendants, McNeil misstates the applicable relevancy standard.

Rule 26(b)(1) outlines the general scope of discovery. It specifically allows for discovery regarding any "nonprivileged matter that is relevant to any party's claim or defense."[37] To review an objection for relevancy, the court must "first determine whether the discovery is relevant to the claims or defenses" of any party, and "if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the

---

[37] Fed.R.Civ.P. 26(b)(1).

action."[38] Relevancy is not confined to the relationship between Richard and McNeil; it encompasses the claims or defenses of any party. Therefore, McNeil's objections specific to relevancy are overruled.

McNeil did not lodge his objection regarding "improper legal conclusions" until he responded to Richard's motion. (Doc. 390 at 10.) Because McNeil failed to raise this objection in either his initial or supplemental discovery responses, this objection is untimely and therefore waived.[39]

However, McNeil also objects to Requests Nos. 5-10, 12-14 and 16-17 on the basis that the requests are not "necessary or appropriate" as directed to McNeil, and that it does not "advance the litigation to direct [these] request[s] to Dr. McNeil when his response would be immaterial to the litigation." (Doc. 382, Ex. C at 5-13.)

Concerning the specific claim against him, McNeil answered that request and Richard does not challenge that response. Regarding Richard's Request No. 5, defendant Diaz has separately responded to that request. The Sedgwick County defendants[40] responded to Requests Nos. 5 through 9. Defendant Dr. Murphy responded to Request No. 10. (Pl.'s Mot., Doc. 383, Ex. C at 7.) Requests Nos. 12 through 17 concern whether the ConMed defendants[41] and their employees were acting under color of state law, and

---

[38] *Solis*, 2012 WL 190658, *6 (citing Fed.R.Civ.P. 26(b)(1)).
[39] *Pulsecard, Inc. v. Discover Card Svcs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996); *Ash Grove Cement*, 2007 WL 2333350, at *4.
[40] The "Sedgwick County defendants" include the Board of County Commissioners of Sedgwick County, County of Sedgwick, Sedgwick County Sheriff's Department, Sedgwick County Sheriff Robert Hinshaw, Sedgwick County Sheriff Gary Steed, and Sedgwick County Detention Deputy Saquisha Nelson.
[41] The "ConMed defendants" include ConMed, Inc., ConMed Healthcare Management Inc., and Mike S. Hall.

ConMed's answers have either been provided or addressed by separate pleading. (*See* Pl.'s Mot., Doc. 380 at Ex. D.)

Richard relies on case law to support his assertion that requests which seek admission by one party to facts about another party are not objectionable.[42] Those authorities are distinguishable from this motion. Contrary to the cited cases, Requests Nos. 5-10, 12-14 and 16-17 seek the opinion of McNeil regarding the application of law to the facts of the case applicable only to co-defendants.

Given the co-defendants' answers to Requests Nos. 5-10, 12-14 and 16-17, McNeil's answers would not further the purposes of admissions by either facilitating proof with respect to issues that cannot be eliminated from the case or by narrowing the issues.[43] Therefore, the requests are improper.[44] If McNeil admitted the requests while the co-defendant denied the same, the issues would still require proof at trial. If McNeil admitted or denied the requests similar to the co-defendants, his answers would be superfluous. If McNeil denied the requests and the co-defendants admitted the same, his responses would be unnecessary.

Under Rule 26(b)(2)(C), the court "must limit" allowed discovery if it determines that the discovery sought is unreasonably duplicative. Because these requests have been

---

[42] Richard cites *Layne Christensen Co. v. Purolite Co.*, 2011 WL 381611, *8 (D. Kan. Jan. 25, 2011) (allowing requests which seek information about another party's independent knowledge of the facts), and *Harris v. Koenig*, 271 F.R.D. 356 (D. D.C., Sept. 16, 2010) (allowing requests which asked whether other defendants inquired of the specific defendant). (*See* Doc. 382 at 8-9).
[43] *Bowers*, 2012 WL 2798801, at *2 (quoting Fed.R.Civ.P. 36 advisory committee's note (1970 Am.)).
[44] *See Rutherford v. Reliance Standard Life Ins. Co.*, 2011 WL 4376557, at *5 (D. Kan. Sept. 20, 2011) (denying motion to compel admissions, as the requests "provide no assistance in narrowing the discovery issues or issues concerning the merits of the case.")

asked and answered by the defendants to whom each request is aimed, Requests Nos. 5-10, 12-14 and 16-17 are duplicative. McNeil's objections are sustained, and answers are therefore not required to Requests Nos. 5-10, 12-14 and 16-17.

**IT IS THEREFORE ORDERED** that Richard's motion **(Doc. 382)** for determination concerning the sufficiency of McNeil's responses and objections to the requests for admission is **GRANTED in part and DENIED in part** as set forth above. The following chart is provided to summarize the rulings above.

| Requests for Admission | Ruling |
|---|---|
| Requests Nos. 1 and 4 | McNeil's answers are deemed qualified admissions rather than denials; in all other respects, the motion is denied. |
| Requests Nos. 2 and 3 | The motion is denied. |
| Requests Nos. 5-10, 12-14, and 16-17 | McNeil's objections are sustained, and no answers are required. The motion is denied. |

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of July, 2013.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge