# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONELL RICHARD, as Special )
Administrator of the Estate of )
EDGAR RICHARD, JR., DECEASED, )
                                                )
              Plaintiff, )
                                              )
v. )   Case No. 09-1278-MLB
                                              )
SEDGWICK COUNTY BOARD )  (consolidated with 10-1042-MLB)
OF COMMISSIONERS, et al., )
                                              )
              Defendants. )
                                              )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for a determination concerning the sufficiency of responses and objections by defendant Paul Murphy, M.D. to plaintiff's requests for admission. (Doc. 383.) For the reasons set forth below, the motion shall be GRANTED in part and DENIED in part.

### Background

This is a civil rights case in which plaintiff claims defendants used excessive force and provided substandard medical care to an inmate in the Sedgwick County Detention Facility. Plaintiff alleges that on February 15, 2008, Edgar Richard, Jr., who had a history of serious mental illness, was severely beaten by Deputy Manuel Diaz, a

Sedgwick County jail employee. Plaintiff seeks to recover damages for personal injuries which Richard suffered as a result of that beating.[1] Because the parties are familiar with the nature of this case and the details giving rise to the plaintiff's pending motion(s), the court's discussion is limited to the issues pertinent to the rulings which follow.

### Richard's Motion for Determination Concerning the Sufficiency of Murphy's Responses and Objections to Richard's December 21, 2012 Requests for Admission (Doc. 383)

Richard served Murphy with Requests for Admission on December 21, 2012. Murphy timely responded on January 18, 2013. Richard objected to a number of Murphy's responses by letter to counsel dated January 30, 2013. On February 7, counsel for all parties participated in a conference to discuss discovery issues. Following that conference, Murphy provided amended responses. Richard requests a finding that Murphy's responses violate Fed.R.Civ.P. 36 and are therefore admitted, or that the court order Murphy to prepare amended responses. Murphy opposes the motion, arguing that he has adequately responded to Requests Nos. 1-4 and properly objected to Richard's Requests Nos. 5-9, 11-14, and 16-17.[2]

---

[1] Edgar Richard, Jr. died February 1, 2010 and his son, Ronell Richard, was named special administrator of Edgar's estate. In his capacity as special administrator, Richard was substituted as the named plaintiff.

[2] Murphy adopts the arguments made by the co-defendants in their separate responses to Plaintiff's discovery motions. (Def. Murphy's Resp., Doc. 387, at 5; *see* Def. Sedgwick County's Resp., Doc. 385; Def. ConMed's Resp., Doc. 386; Def. McNeil's Resp., Doc. 390.)

**Standards**

This discovery dispute is governed by Fed.R.Civ.P. 36 which sets forth the standards for requests for admissions. The rule provides that parties "may serve on any other party a written request to admit . . . the truth of any matter within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Requests for admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those than can be."[3] Admissions are "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[4]

Rule 36 further instructs parties on the proper procedure for answering requests for admission. The responding party may answer under Rule 36(a)(4), object under Rule 36(a)(5), or both. An answer must admit the truth, "specifically deny," or if a party cannot admit or deny, the party must "state in detail why [it] cannot truthfully admit or deny" the request.[5] Any denial must "fairly respond to the substance of the matter and, when good faith requires that a party qualify an answer or deny only part of a matter, the

---

[3] *Bowers v. Mortgage Electronic Registration Systems*, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012) (quoting Fed.R.Civ.P. 36 advisory committee's note (1970 Am.)).
[4] *Id.*
[5] Fed.R.Civ.P. 36(a)(4).

answer must specify the part admitted and qualify or deny the rest."[6] When making an objection, the party must state the specific grounds for objecting.[7] If the party objects, it bears the burden of persuasion to justify its objection.[8]

Under Rule 36(a)(6), the party requesting admissions may ask that the court decide the sufficiency of any answers. The determination of sufficiency ultimately rests within the court's discretion.[9] When presented with a question of sufficiency, the court follows the process set forth by Rule 36(a)(6). First, the court must determine the validity of any objections. If the court determines that an objection is justified, no answer is required. If the objection is found to be improper or invalid, an answer must be provided.[10] When evaluating the sufficiency of an answer, the court considers the phrasing of the request itself.[11] If the court finds an answer to be insufficient, the matter is either deemed admitted or the court may order that an amended answer be served.[12]

With these standards in mind, the court next analyzes the requests and objections in question.

### Requests for Admission at Issue

Richard seeks an order regarding the sufficiency of Murphy's responses to

---

[6] *Id.*
[7] *Id.*
[8] *Bowers*, 2012 WL 2798801, at *2 (citing *Moses v. Halstead*, 236 F.R.D. 667, 680 (D. Kan. 2006)).
[9] *Harris v. Oil Reclaiming Co., LTD.*, 190 F.R.D. 674, 679 (D. Kan. 1999).
[10] *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, 1995 WL 625744, at *4 (D. Kan. Oct. 5, 1995); *Bowers*, 2012 WL 2798801, at *2.
[11] *Solis v. La Familia Corp.*, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012); *Deya v. Hiawatha Hosp. Ass'n, Inc.*, 2011 WL 1559422, *2 (D. Kan. April 25, 2011).
[12] Fed.R.Civ.P. 36(a)(6).

Requests for Admission Nos. 1-4, 5-9, 11-14, and 16-17. Murphy answered a portion of the requests and objected to others. For ease of discussion, the court analyzes the answers in the same segments identified in the parties' briefing.

**Request for Admission No. 1**

Request No. 1 asked whether Edgar Richard, Jr. had a "clearly established constitutional right to mental health care." In his initial response to Request No. 1, Murphy answered "denied as phrased," and provided a discussion of the legal standards applicable to an alleged violation of the Eighth Amendment by jail officials. Murphy also stated that this "constitutional right", as qualified by his explanation "is clearly established and applied to Edgar Richard, Jr." In his supplemental response to Request No. 1, Murphy amended his answer to read: "Denied. Paul Murphy, M.D. can and does *admit* that Edgar Richard, Jr., possessed the Eighth Amendment constitutional right described in the initial response . . . and can and does *admit* that right was clearly established." (emphasis added).

Richard argues that Murphy's answer is non-responsive and is instead a lecture on how jail officials may violate the Eighth Amendment. Murphy contends that he has properly qualified his response as permitted by Rule 36. Murphy also asserts that Requests Nos. 1 and 4 seek legal conclusions.

Murphy did not lodge the objection regarding improper legal conclusions until he responded to Richard's motion. Because Murphy failed to raise this objection in either his initial or supplemental discovery responses, this objection is untimely and therefore

5

waived.[13]

The "election to admit or deny" belongs exclusively to the responding party.[14] Rule 36 does not require admissions.[15] A denial is a sufficient answer[16] as long as a party has complied with the requirements to "fairly respond to the substance of the matter" and if admitting or denying in part, that the party qualify the answer in good faith.[17] As long as Murphy sufficiently qualifies his partial admission, he is not required to further explain his answer.[18]

Richard reasons that the underlying substantive law dictates that Murphy must simply admit the request.[19] The court disagrees. When reviewing the sufficiency of discovery responses, the Court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[20] If a party denies a truth which is later proven, Rule 37 provides the recourse for an unreasonable denial.[21]

Although Murphy answers "denied" in his supplemental response, he specifically admits that Richard possessed the Eighth Amendment constitutional right described in his

---

[13] *Pulsecard, Inc. v. Discover Card Svcs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996); *Ash Grove Cement*, 2007 WL 2333350, at *4.
[14] *Ash Grove Cement v. Employers Ins. of Wausau*, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007).
[15] *Id.*
[16] *Harris*, 190 F.R.D. at 678.
[17] Fed.R.Civ.P. 36(a)(4).
[18] *Ash Grove Cement*, 2007 WL 2333350, at *2 (citing *Scherer v. GE Capital Corp.*, 2000 WL 303145 (D. Kan. March 21, 2000)).
[19] Richard cites *Blackmon v. Bd. of County Comm'rs*, 2012 WL 2512722 (D. Kan. June 29, 2012) to demonstrate the State's constitutional obligation to provide mental health care and an inmate's constitutional right to receive that care. (Pl.'s Mot., Doc. 382 at 4.)
[20] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[21] *Id.* at *2-*3; Fed.R.Civ.P. 37(c)(2).

earlier response and "that right was clearly established." The court finds that Murphy qualified his answer to Request No. 1 in order to fairly meet the substance of the request.[22] Richard's motion as to Request 1 is granted only to the extent that Murphy's answer is deemed a qualified admission rather than a denial; in all other respects, the answer is sufficient and the motion is denied as to Request No. 1.

**Requests for Admission Nos. 2 and 3**

In Requests Nos. 2 and 3, Richard asks whether "Edgar Richard Jr. had, at all times during 2007 and 2008 while he was a prisoner in the Sedgwick County Detention Center, a serious mental illness" (Req. No. 2) or a "serious mental disability" (Req. No. 3). To both requests, Murphy initially answered "denied as phrased," asserting that the phrases "serious mental illness" and "serious mental disability" were not defined, and the meanings were vague and could be subject to more than one reasonable interpretation. Murphy asserted that the requests were "objectionable because the response could be argued to convey unwarranted and unfair inferences as stated." After the parties' conference, Murphy supplemented his response to Request No. 2 to read:

> Request for Admission No. 2 is admitted in part and denied in part. Paul Murphy, M.D. admits that Mr. Richard was diagnosed with schizoaffective disorder during his incarceration in 2007 and 2008. . . . The remainder of this request is denied.[23]

(Doc. 383, Ex. C at 3.)

---

[22] *See Harris*, 190 F.R.D. at 677 (citing Fed.R.Civ.P. 36(a)(4)).
[23] Murphy also adds "Believing schizoaffective disorder and paranoid schizophrenia were one in the same, Paul Murphy, M.D. erroneously admitted that Mr. Richard was diagnosed with paranoid schizophrenia in his Answer to the Complaint." Because this sentence only clarifies Murphy's previous admission, this sentence is not at issue.

7

To Request No. 3, Murphy supplemented his response to read:

> Request for Admission No. 3 is admitted in part and denied in part. Paul Murphy, M.D. admits that Mr. Richard was diagnosed as being mentally retarded prior to his 2007 to 2008 incarceration. The remainder of this request is denied.

(Doc. 383, Ex. C at 4.)

Richard contends that Murphy's responses defy reason and common sense, and that Requests Nos. 2 and 3 are neither vague nor ambiguous. Richard cites the report of an expert witness to support his claim that Edgar Richard, Jr. clearly suffered from a "serious" mental illness and mental disability, and argues that as a psychiatrist, Murphy should understand the meaning of the terms "serious mental illness" and "serious mental disability." Murphy responds that Richard oversimplifies the terms "serious mental illness" and "serious mental disability," and that both are subject to varied definitions. Murphy asserts that he has answered both requests to the best of his ability, given the vagueness of the requests.

As previously noted, Rule 36 does not require admissions.[24] The decision to admit or deny belongs to Murphy.[25] As long as he sufficiently qualifies his partial admission, Murphy is not required to further explain his answer.[26] Murphy is not required to determine all potential interpretations of "serious" mental illness or disability and respond to each.[27] This court will not substantively define "serious" mental illness or

---

[24] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[25] *Id*.
[26] *Id.* (citing *Scherer v. GE Capital Corp*., 2000 WL 303145 (D. Kan. March 21, 2000)).
[27] *Harris v. Oil Relaiming Co*., 190 F.R.D. 674, 678 (D. Kan. 1999).

8

disability at this stage of litigation.[28] Murphy qualified his answers to Requests Nos. 2 and 3 in good faith to fairly meet the substance of the requests.[29] Those answers are sufficient. Accordingly, the court denies the motion regarding Requests Nos. 2 and 3.

**Request for Admission No. 4**

Request No. 4 asked whether Edgar Richard, Jr. had a "clearly established constitutional right to not be subject to deliberate indifference to his clearly established right to mental health care." In his initial response to Request No. 4, Murphy answered "denied as phrased. See response to Request for Admission No. 1," where he had provided a discussion of the legal standards applicable to an alleged violation of the Eighth Amendment by jail officials. In his supplemental response to Request No. 4, Murphy answered "denied" and repeated the legal standards language provided in his response to Request No. 1. Murphy's answer notes that "[t]his constitutional right is clearly established and applied to Edgar Richard, Jr. The Defendant, Paul Murphy, M.D. *admits* Mr. Richard possessed the clearly established 8th Amendment right described in this response." (emphasis added).

Richard argues that Murphy's answer is non-responsive and is instead a lecture on how jail officials may violate the Eighth Amendment. Murphy contends that he has properly qualified his response as permitted by Rule 36 and objects because Richard is merely seeking "legal conclusions" in Requests Nos. 1 and 4.

Murphy did not state his objection regarding improper legal conclusions until he

---

[28] *Id.*
[29] *See Harris*, 190 F.R.D. at 677 (citing Fed.R.Civ.P. 36(a)(4)).

responded to Richard's motion. (Doc. 387 at 2.) Because Murphy failed to raise this objection in either his initial or supplemental discovery responses, this objection is untimely and therefore waived.[30]

As discussed above with respect to Request No. 1, an "election to admit or deny" belongs exclusively to the responding party.[31] Rule 36 does not require admissions.[32] A denial is a sufficient answer[33] as long as a party has complied with the requirements to "fairly respond to the substance of the matter" and, if admitting or denying in part, that the party qualifies the answer in good faith.[34] As long as Murphy sufficiently qualifies his partial admission, he is not required to further explain his answer.[35]

Richard again reasons that the underlying substantive law dictates that Murphy must admit the request.[36] The court disagrees. When reviewing the sufficiency of discovery responses, the Court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[37] If a party denies a truth which is later proven, Rule 37 provides the recourse for an unreasonable denial.[38]

---

[30] *Pulsecard, Inc. v. Discover Card Svcs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996); *Ash Grove Cement*, 2007 WL 2333350, at *4.
[31] *Ash Grove Cement*, 2007 WL 2333350, at *2).
[32] *Id*.
[33] *Harris*, 190 F.R.D. at 678.
[34] Fed.R.Civ.P. 36(a)(4).
[35] *Ash Grove Cement*, 2007 WL 2333350, at *2 (citing *Scherer v. GE Capital Corp.*, 2000 WL 303145 (D. Kan. March 21, 2000)).
[36] Richard cites *Blackmon v. Bd. of County Comm'rs*, 2012 WL 2512722 (D. Kan. June 29, 2012) to demonstrate the State's constitutional obligation to provide mental health care and an inmate's constitutional right to receive that care. (Pl.'s Mot., Doc. 382 at 7.)
[37] *Ash Grove Cement*, 2007 WL 2333350, at *2.
[38] *Id*. at *2-*3; Fed.R.Civ.P. 37(c)(2).

Although Murphy answers "denied" in his supplemental response, he specifically admits that Richard possessed the Eighth Amendment constitutional right described in his earlier response and "that right was clearly established." The court finds that Murphy qualified his answer to Request No. 4 in order to fairly meet the substance of the request.[39] Richard's motion as to Request No. 4 is granted only to the extent that Murphy's answer is deemed a qualified admission rather than a denial; in all other respects, the answer is sufficient and the motion is denied as to Request No. 4.

**Requests for Admission Nos. 5-9, 11-14, and 16-17**

Richard's Requests Nos. 5-9, 11-14 and 16-17 generally ask that Murphy admit or deny legal conclusions as to other co-defendants. Request No. 5 asks whether Richard had a constitutional right "to not be subject to excessive force from a law enforcement officer." Murphy answered:

> Objection. This Request for Admission pertains to law enforcement officers at the Sedgwick County Detention Center and this answering defendant is not a law enforcement officer. Dr. Murphy is not in a position to admit or deny what constitutional rights Edgar Richard, Jr. had or did not have while in the custody of Sedgwick County Detention Center Law Enforcement Officers.

(Doc. 383, Ex. C at 5.) No supplemental response was submitted.

Richard's Requests Nos. 5-9, 11-14 and 16-17 inquire regarding whether other co-defendants were either law enforcement officers and/or whether the defendant(s) were acting under color of state law during the times that Edgar Richard, Jr., was a prisoner at Sedgwick County Detention Center. To Request No. 6, Murphy initially answered

---

[39] *Id.* at 677 (citing Fed.R.Civ.P. 36(a)(4)).

11

"Objection. This Request for Admission is not relevant or material to any of the issues between plaintiff and this defendant. It is not necessary or appropriate for this defendant to respond to the request." To Requests Nos. 7-9 and 11-17, Murphy responded "See Response to No. 6." After the parties' discovery conference, Murphy supplemented his responses to Requests Nos. 7-9 by repeating the objection lodged against Request No. 6.

To the extent that Murphy objects to Request No. 5 because the request does not "pertain" to Murphy, the court interprets that objection as one based on relevancy. Likewise, Murphy's objection to Request No. 6, incorporated into the responses to Requests Nos. 7-9, 11-14, and 16-17, specifies that the requests are "not relevant or material to any of the issues between the plaintiff" and Murphy. Despite the clear relationship between the requests and the co-defendants, Murphy misstates the applicable relevancy standard.

Rule 26(b)(1) outlines the general scope of discovery. The rule specifically allows for discovery regarding any "nonprivileged matter that is relevant to any party's claim or defense."[40] To review an objection for relevancy, the court must "first determine whether the discovery is relevant to the claims or defenses" of any party, and "if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."[41] Relevancy is not confined to the relationship between Richard and Murphy; it encompasses the claims or defenses of any party. Therefore, Murphy's objections specific to relevancy are overruled concerning Requests Nos. 5-9, 11-14, and 16-17.

---

[40] Fed.R.Civ.P. 26(b)(1).
[41] *Solis*, 2012 WL 190658, *6 (citing Fed.R.Civ.P. 26(b)(1)).

**Request No. 5**

Murphy's sole objections asserted in his response to Request No. 5 were relevancy (discussed above) and that Murphy is "not in a position to admit or deny" the existence of Richard's constitutional rights. Because no other objection was preserved, the court is restricted to a review of the objections as stated in Murphy's discovery response.[42] If Murphy could neither admit nor deny the request, he is required to provide details as to why he could not do so.[43] When asserting an objection, Murphy must state the specific grounds for his objection and bears the burden to justify the same.[44] Murphy's blanket objection that he is "not in a position to admit or deny" does not satisfy the burden of specificity. As such, Murphy is ordered to provide an amended response to Request No. 5.

**Requests No. 6-9, 11-14, and 16-17**

Murphy also objected to Requests Nos. 6-9, 11-14 and 16-17 on the basis that the requests are not "necessary or appropriate" as directed to Murphy. He argues that the defendants best suited to answer these questions are the co-defendants to whom the requests are addressed and, if Murphy were to answer the requests, such answers would not narrow the issues before the court.[45]

---

[42] *Pulsecard, Inc..*, 168 F.R.D. at 302; *Ash Grove Cement*, 2007 WL 2333350, at *4.
[43] Fed.R.Civ.P. 36(a)(4).
[44] *Id.*; *Bowers*, 2012 WL 2798801, at *2 (citing *Moses v. Halstead*, 236 F.R.D. 667, 680 (D. Kan. 2006)).
[45] Murphy's objections barely clear the hurdle of proper preservation. His objection to Requests Nos. 6-9, 11-14 and 16-17 states that his answers are not "necessary or appropriate." Because of his usage of the specific language "necessary" in his original objections, and his clarification in his response that if the separate defendants answer the requests, "this is all the Plaintiff needs.

Concerning the specific claim against him, Murphy answered that request and Richard has not challenged that response. Defendant Diaz has separately responded to Richard's Request No. 5. The Sedgwick County defendants[46] responded to Requests Nos. 5 through 9. Defendant Dr. McNeil responded to Request No. 11. Requests Nos. 12 through 17 concern whether the ConMed defendants[47] and their employees were acting under color of state law, and ConMed's answers have either been provided or are being addressed by separate pleading.

Richard relies on case law to support his assertion that requests which seek admission by one party to facts about another party are not objectionable.[48] Those authorities are distinguishable from this motion. Contrary to the cited cases, Requests Nos. 6-9, 11-14 and 16-17 seek the opinion of Murphy regarding the application of law to the facts of the case applicable only to co-defendants.

Given the co-defendants' answers to Requests Nos. 6-9, 11-14 and 16-17, Murphy's answers would not further the purposes of admissions by either facilitating proof with respect to issues that cannot be eliminated from the case or by narrowing the

---

Whether Dr. Murphy admits or denies these Requests . . . has no bearing on Plaintiff's ability to prove them," this objection is construed as set forth above.

[46] The "Sedgwick County defendants" include the Board of County Commissioners of Sedgwick County, County of Sedgwick, Sedgwick County Sheriff's Department, Sedgwick County Sheriff Robert Hinshaw, Sedgwick County Sheriff Gary Steed, and Sedgwick County Detention Deputy Saquisha Nelson.

[47] The "ConMed defendants" include ConMed, Inc., ConMed Healthcare Management Inc., and Mike S. Hall.

[48] Richard cites *Layne Christensen Co. v. Purolite Co.*, 2011 WL 381611, *8 (D. Kan. Jan. 25, 2011) (allowing requests which seek information about another party's independent knowledge of the facts), and *Harris v. Koenig*, 271 F.R.D. 356 (D. D.C., Sept. 16, 2010) (allowing requests which asked whether other defendants inquired of the specific defendant). (*See* Doc. 383 at 8).

14

issues.[49] Therefore, the requests are improper.[50] If Murphy admitted the requests while the co-defendant denied the same, the issues would still require proof at trial. If Murphy admitted or denied the requests similar to the co-defendants, his answers would be superfluous. If Murphy denied the requests and the co-defendants admitted the same, his responses would be unnecessary.

Under Rule 26(b)(2)(C), the court "must limit" allowed discovery if it determines that the discovery sought is unreasonably duplicative. Because these requests have been asked and answered by the defendants to whom each request is aimed, the court finds Requests Nos. 6-9, 11-14 and 16-17 are duplicative. Murphy's objections are sustained, and answers are therefore not required to Requests Nos. 6-9, 11-14 and 16-17.

**IT IS THEREFORE ORDERED** that Richard's motion **(Doc. 383)** for determination concerning the sufficiency of Murphy's responses and objections to the requests for admission is **GRANTED in part and DENIED in part** as set forth above. Murphy shall serve an amended Response to Request No. 5 no later than July 24, 2013. The following chart is provided to summarize the rulings above.

---

[49] *Bowers*, 2012 WL 2798801, at *2 (quoting Fed.R.Civ.P. 36 advisory committee's note (1970 Am.)).

[50] *See Rutherford v. Reliance Standard Life Ins. Co.*, 2011 WL 4376557, at *5 (D. Kan. Sept. 20, 2011) (denying motion to compel admissions, as the requests "provide no assistance in narrowing the discovery issues or issues concerning the merits of the case.")

| Requests for Admission | Ruling |
| --- | --- |
| Requests Nos. 1 and 4 | Murphy's answers are deemed qualified admissions rather than denials; in all other respects, the motion is denied. |
| Requests Nos. 2 and 3 | The motion is denied. |
| Requests Nos. 5 | The motion is granted. Murphy is ordered to serve an amended response to Request No. 5 by no later than July 24, 2013. |
| Requests Nos. 6-9, 11-14, and 16-17 | Murphy's objections are sustained, and no answers are required. The motion is denied. |

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of July, 2013.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge