**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| RONELL RICHARD, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 09-1278-MLB |
| | ) | |
| ROBERT HINSHAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

> 1. Plaintiff's Motion to Prohibit Defendants' Expert Witness Testimony (Doc. 429); and
>
> 2. Defendants' Response (Doc. 453).
>
> (No Reply Brief was filed.)

**I. Summary**.

Plaintiff moves to exclude testimony from three individuals listed by defendants as non-retained experts: Dr. R. Kevin Bryant, Dr. Katherine Grimsley, and Dr. Laurie Coyner. These doctors each provided medical treatment to plaintiff's decedent, Edgar Richard, Jr. Plaintiff argues their testimony should be precluded because defendants did not provide a written report of their opinions pursuant to Fed. R. Civ. P. 26(a)(2)(B).[1]

Plaintiff recognizes that a treating physician is not considered "retained or specially employed" within the meaning of Rule

---

[1] Plaintiff's motion also asserts a failure to provide an adequate description of the witnesses' testimony under Rule 26(a)(2)(C)(i). Plaintiff's accompanying memorandum, however, contains no argument on that point and makes no showing that the disclosure was inadequate.

26(a)(2)(B) – and thus a written report is not required – if his or her testimony is limited to observations, diagnosis, and treatment of a patient. But plaintiff argues a report is required "[w]hen a witness opines as to causation, prognosis, or future disability" because the physician is then going beyond what he or she did and "is giving an opinion formed because there is a lawsuit." Doc. 430 at 4 (citing Griffith v. Northeast Ill. Regional Commuter R.R., 513 F.R.D. 513 (N.D. Ill. 2006)).

**II. Standards.**

Rule 26(a)(2)(B) requires a written report from expert witnesses who are "retained or specially employed to provide expert testimony in the case...." In the District of Kansas, as in most federal courts, it has long been recognized that treating physicians are not subject to this requirement to the extent they offer opinions on matters within the scope of their treatment of an individual. See e.g., White v. Union Pac. R. Co., 2012 WL 380245, *2 (D. Kan., Feb. 6, 2012); Starling v. Union Pac. R. Co., 203 F.R.D. 468, 479 (D. Kan. 2001); Wreath v. United States, 161 F.R.D. 448, 450 (D. Kan. 1995). Opinions within the scope of the exception may extend to causation of an injury, diagnosis, prognosis, and other opinions arising out of and related to the treatment. Hildebrand v. Sunbeam Prods., Inc., 396 F.Supp.2d 1241, 1250 (D. Kan. 2005).

When a physician's proposed testimony extends beyond facts made known during treatment and beyond opinions relating to the course of care and treatment, the witness may be subject to the requirement of a written report. For example, a treating physician who is asked to review to medical records of another provider in order to render an

opinion about the propriety of that provider's care would likely be considered specially retained for trial. Wreath, 161 F.R.D. at 450. In part, courts look to whether the medical opinions, conclusions, and observations being offered by the treating physician necessarily played a role in his or her care and treatment of the plaintiff. See Kennedy v. United States, 2008 WL 717851, *1-2 (D. Kan., Mar. 17, 2008).

**III. Discussion.**

Plaintiff argues these three treating physicians should be regarded as retained experts because they are expected to testify about "causation, prognosis and future disability." (Doc. 430 at 5-7). Relying on the Griffith case cited above, plaintiff argues such opinions require a written report.

Plaintiff specifically objects to anticipated opinions from Dr. Bryant: (1) that he did not diagnose Edgar Richard as suffering from a closed head or brain injury or dysphagia secondary to a head injury; (2) that Richard returned to his pre-incident condition while he was at the Wichita Nursing Home under Dr. Bryant's care; and (3) that the common side effects of the chemotherapy Richard was receiving included sore throat, mouth sores, and other problems that can cause difficulty in swallowing.

As outlined above, treating physicians are not subject to the written report requirement of Rule 26(a)(2)(B) to the extent they offer opinions on matters within the scope of their treatment. Contrary to plaintiff's suggestion, matters within the scope of treatment may include opinions about causation, diagnosis, and prognosis. Dr. Bryant's opinions (1) and (2) clearly relate to his

treatment and care of Richard. As for opinion (3), defendants assert that Bryant's opinion about the side effects of chemotherapy is relevant to his course of treatment and the available treatment options for Richard while he was under Dr. Bryant's care. Assuming the testimony at trial bears out that connection, all of the foregoing opinions would be considered matters related to Dr. Bryant's treatment of Richard.

As for Drs. Grimsley and Coyner, plaintiff objects to their expected opinions about the side effects of medications prescribed to Edgar Richard on or immediately before October 31, 2007. Plaintiff cites nothing to contradict defendants' representation that this testimony relates to medications that these doctors prescribed to Richard shortly before his incarceration. To the extent the testimony at trial in fact bears out such a connection to these witnesses' treatment of Richard, such opinions do not require a written report under Rule 26(a)(2)(B).

The Griffith case cited by plaintiff, which seemingly takes a narrow view of the subjects that relate to the physician's treatment of a patient, does not represent the prevailing view in this district. In fact it may not even represent the prevailing view in Illinois. See Norton v. Schmitz, 2011 WL 4984488, *3 (N.D. Ill., May 27, 2011) (indicating Griffith was superseded by rule as indicated in Crabbs v. Wal-Mart, infra); Crabbs v. Wal-Mart Stores, Inc., 2011 WL 499141, *3 (S.D. Iowa 2011) ("To the extent the approach taken by Smith, Griffith and like cases would require a report from a non-retained treating physician they appear to have been overtaken by the 2010 amendments to Rule 26."); McCloughan v. City of Springfield, 208

F.R.D. 236, 242 (C.D. Ill. 2002) ("the Court will follow the majority rule and finds that [plaintiff's] treating physicians may offer opinion testimony on causation, diagnosis, and prognosis without the prerequisite of providing a Rule 26(a)(2)(B) report."). At any rate, under the standards applicable in this district plaintiff has shown no grounds for excluding the testimony of these treating physicians.

**IV. Conclusion.**

Plaintiff's Motion for Order Prohibiting Testimony of Expert Witnesses (Doc. 429) is DENIED.

IT IS SO ORDERED.

Dated this 17th day of December 2013, at Wichita, Kansas.

s/Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE